NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRLEY SCOTT, | CIVIL ACTION NO. 17-9168 (JLL) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| DOLLAR TREE STORES, INC., JOHN DOE #1, and JOHN DOE #2, | |
| Defendants. | |

**LINARES**, Chief District Judge

Pending before the Court is the motion by the plaintiff, Shirley Scott, to remand this removed action to New Jersey state court for lack of diversity jurisdiction. (ECF No. 3 through ECF No. 3-4; ECF No. 9 through ECF No. 9-2.) *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b); 28 U.S.C. § 1447(c). The one specifically-named defendant, Dollar Tree Stores, Inc. (hereinafter, "DTS"), opposes the motion. (ECF No. 6; ECF No. 6-1.)

The Court resolves Scott's motion to remand upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the Court denies the motion.

## BACKGROUND

Scott is a New Jersey citizen, and DTS is deemed to be a Virginia citizen. (ECF No. 1 at 1–2 (Notice of Removal filed by DTS).) Scott brought this action originally in

New Jersey state court against DTS and two John Doe Defendants to recover damages for the alleged personal injuries that she suffered when she tripped on a box and fell in a store operated by DTS. (ECF No. 1 at 15 (Amended Complaint); *see also* ECF No. 3-1 at 1 (Certification of Plaintiff's Counsel).) Scott seeks to recover "damages, interest and costs of suit" because she allegedly:

> sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was and will be confined, was and will incur various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo and will undergo great physical and mental anguish, which she suffers and will continue to suffer for an indefinite period of time in the future, and was and will be deprived and prevented from attending to her normal business and vocation, all to her loss, damage and detriment.

(ECF No. 1 at 15.) However, Scott did not set forth the specific amount of damages that she sought to recover.

Soon after Scott commenced this action, DTS advised her that it would remove this action to federal court based upon diversity jurisdiction if she did not stipulate to cap her damages at $75,000. (ECF No. 6-1 at 30–31 (correspondence of counsel for DTS to Scott's counsel).) In response, Scott asserted through her counsel that "[i]f this matter resolves within the next thirty (30) days, [she] would accept $65,000 (inclusive of all liens) to resolve her claim." (ECF No. 3-1 at 16 (e-mail of Scott's counsel to counsel for DTS); *see also* ECF No. 3-1 at 1.)

DTS then requested on two more occasions that Scott stipulate to cap the damages, rather than issue a conditional settlement demand, but Scott apparently did not respond to

2

those requests. (ECF No. 6-1 at 35 (first e-mail of counsel for DTS to Scott's counsel); ECF No. 6-1 at 38 (second e-mail of counsel for DTS to Scott's counsel).) DTS thereafter removed this action pursuant to the Court's diversity jurisdiction, and asserted that: (1) Scott and DTS are of diverse citizenship; and (2) the matter in controversy exceeds the sum or value of $75,000. (ECF No. 1 at 2.) *See* 28 U.S.C. § 1332(a).

## ARGUMENTS

Scott now moves to remand this action to state court based upon two grounds. (ECF No. 3-2.)

### I. John Doe Defendants

Scott points out that she is a New Jersey citizen and argues for an immediate remand, because "if it [is] determined that an employee, agent or independent contractor of [DTS] . . . who is a citizen of New Jersey . . . is liable to [Scott] for negligence, there would be no diversity of citizenship pursuant to 28 U.S.C. § 1332." (ECF No. 3-2 at 6.) Regrettably, other than a reference to the statute that generally sets forth the requirements of diversity jurisdiction, Scott does not cite any case law in support of this argument.

DTS did not respond to Scott's argument on this issue. (*See generally* ECF No. 6 at 2–10.) However, Scott did not point out this oversight in her reply. (*See generally* ECF No. 9 at 2–13.)

### II. Amount In Controversy

Scott argues that the amount in controversy that is required for the Court's

diversity jurisdiction to exist in this action has not been met, because she made "a demand for less than $75,000" to be compensated for her injuries. (ECF No. 3-2 at 7; *see also id.* at 9 (asserting that "[c]ounsel for [DTS] knew or should have known that the amount in controversy is less than the sum of $75,000 when defense counsel filed the Notice of Removal . . . because . . . we [previously] sent counsel for [DTS] an email including our settlement demand in the amount of $65,000").)

In opposition, DTS argues first that Scott's $65,000 settlement demand was merely conditional upon an acceptance by DTS within thirty days of its issuance. (ECF No. 6 at 4.) Second, DTS argues that it asked Scott to stipulate to cap her damages at $75,000 in order to resolve the issue of whether the amount in controversy for diversity jurisdiction could be met, but Scott has refused to so stipulate. (*Id.*) Third, DTS asserts that Scott did not present any proofs in support of her motion to remand that demonstrated that she would be unable to recover the jurisdictional minimum. (*Id.*) Fourth, DTS points out that Scott's:

> treatment records that have been provided suggest that [Scott] aggravated certain pre-existing conditions to her left side and that an elbow replacement surgery is a potential consideration. . . . It has also been made known that [Scott] is a Medicare recipient and a Medicare lien is therefore expected to be asserted for treatment incurred in connection with her fall down accident. The exact Medicare lien amount has yet to be disclosed.

(*Id.* at 5; *see also* ECF No. 6-1 at 14–28 (Scott's medical treatment records following her accident); ECF No. 9-1 at 4–17 (same).)

In reply, Scott argues that: (1) she is not claiming to have been hospitalized or to

have received any surgery as a result of her injuries; (2) the Medicare lien is only in the amount of $2,057.31; (3) she is not asserting any claims for loss of consortium or loss of earnings; and (4) DTS is improperly relying on her mere "general" allegations. (ECF No. 9 at 6, 9; *see also* ECF No. 9-1 at 19–24 (chart of Scott's medical treatment charges).) Thus, Scott argues that DTS "has failed to show that it is more likely than not that [her] negligence claim exceeds $75,000." (ECF No. 9 at 8–9.) However, this Court notes that Scott has still not agreed to cap her damages at $75,000, which would have then extinguished diversity jurisdiction in this action.[1]

## DISCUSSION

### I. John Doe Defendants

Scott's argument that this action should be remanded for lack of diversity of citizenship because one of the John Doe Defendants may eventually be identified as a New Jersey citizen is without merit. The relevant statute that addresses removal based on diversity of citizenship sets forth the following: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, **the citizenship of defendants sued under fictitious names shall be disregarded.**" 28 U.S.C. § 1441(b)(1) (emphasis added). Thus, "the citizenship of fictitious parties such as John Doe or ABC Corporation is disregarded for purposes of determining diversity."

---

[1] As the Court will discuss herein, there have been Opinions entered by several District Judges in the District of New Jersey that have addressed disputes concerning the amount-in-controversy requirement for diversity jurisdiction in personal injury cases as of 2010. However, neither party cited any of those Opinions for the Court in their briefs.

5

*Ortiz v. Richmond Elevator Co., Inc.*, No. 15-672 (CCC), 2015 WL 5945433, at *6 (D.N.J. Sept. 29, 2015) (citing 28 U.S.C. § 1441(b)(1)); *see also Harris v. Bristol-Myers Squibb Co.*, No. 11-6004 (FLW), 2012 WL 1243260, at *2 n.9 (D.N.J. Apr. 12, 2012) (holding that "the presence of fictitious defendants has no bearing on this Court's jurisdictional analysis" when diversity of citizenship is being addressed, and citing 28 U.S.C. § 1441(b)(1)).

Scott's argument on this issue is pure speculation, and thus does not raise a proper basis for a remand at this juncture. However, Scott is free to move to remand based upon lack of diversity jurisdiction at a later date if she indeed amends her claims to add any non-diverse defendants. *See Mucci v. Decision One Mortg.*, No. 12-1840 (JLL), 2012 WL 3757035, at *4 (D.N.J. Aug. 9, 2012) (Magistrate Judge recommending denial of a motion to remand even though the fictitious defendants were "very likely" to be non-diverse from the plaintiff; holding that "[d]iscovery may later prove the plaintiffs' inference correct, but that is a question for another day," and that "pursuant to 28 U.S.C. § 1447(e), the plaintiffs certainly may renew their motion to remand upon the discovery of information that identifies the citizenship of the defendants"), *adopted by Mucci v. Decision One Mortg.*, No. 12-1840 (JLL), 2012 WL 3757290, at *1 (D.N.J. Aug. 28, 2012). Thus, Scott's request for an immediate remand is denied.

## II. Amount In Controversy

The Court finds that DTS has demonstrated that the amount-in-controversy requirement for diversity jurisdiction in this action has been met, and concludes that

Scott's arguments to the contrary are without merit. It is true that Scott offered to settle this action for $65,000 before it was removed from state court by DTS. However, a plaintiff's settlement demand is not the proper amount for the Court to consider when determining the amount in controversy for jurisdictional purposes, for the simple reason that such a demand "has no bearing on whether a reasonable jury could award damages in excess of that amount." *Dugan v. Acme Mkts., Inc.*, No. 15-5267 (RBK), 2016 WL 266350, at *2 (D.N.J. Jan. 21, 2016) (denying a motion to remand in an action to recover damages for injuries suffered in a car accident, and holding that the plaintiff's $60,000 settlement demand was not the proper amount to consider in determining the amount in controversy).

In addition, it is true that Scott's medical treatment costs have not been high so far, and she is not seeking recovery for loss of either consortium or earnings. Nevertheless, DTS is justified in relying upon Scott's allegations that she seeks to recover damages for severe, painful, and permanent injuries in order to meet the amount-in-controversy requirement, particularly in conjunction with Scott's refusal to stipulate to limit her damages to $75,000. *See Dugan*, 2016 WL 266350, at *2–3 (denying a motion to remand in a car accident case, because (1) the plaintiff asserted that she suffered severe injuries that caused her pain and suffering, and (2) "Plaintiff's decision not to cap damages at $75,000 is indicative of Plaintiff's recognition that her damages may exceed $75,000"); *Briggs v. Target Corp.*, No. 14-7165 (RBK), 2015 WL 1145127, at *4 (D.N.J. Mar. 13, 2015) (denying a motion to remand in a slip and fall case, because the plaintiff
7

(1) asserted that she suffered great physical pain, and (2) decided not to cap her damages at $75,000); *McCall v. New Prime, Inc.*, No. 12-2442 (JAP), 2012 WL 3782436, at *1 (D.N.J. Aug. 31, 2012) (denying a motion to remand in a car accident case, because the plaintiff (1) asserted injuries and costs that are similar to those that are alleged in the instant action, and (2) "refused to stipulate to damages" below the jurisdictional amount); *Clark v. J.C. Penney Corp., Inc.*, No. 08-4083 (PGS), 2009 WL 1564175, at *3–4 (D.N.J. June 1, 2009) (denying a motion to remand in a slip and fall case, because plaintiff (1) asserted injuries and costs that are similar to those that are alleged in the instant action, and (2) "refused" to cap her damages at $75,000); *see also Boone v. Save-A-Lot Food Stores, Ltd.*, No. 13-1792 (JEI), 2013 WL 2459860, at *3 (D.N.J. June 6, 2013) (denying a motion to remand in a trip and fall case, and holding that the plaintiff's offer of judgment in the amount of $74,999 "cannot oust this court's subject matter jurisdiction," because the plaintiff "denied numerous proposals by Defendant to stipulate that damages are below [the jurisdictional limit]"); *Witasick v. Hambrecht*, No. 12-3755 (NLH), 2013 WL 1222680, at *3 (D.N.J. Mar. 25, 2013) (denying a motion to remand in a trip and fall case, and finding the plaintiff's "refus[al]" to stipulate to cap damages at $75,000 indicated that the jurisdictional limit had been met).

Furthermore, Scott's argument that DTS may not rely upon her "general" allegations of injuries to demonstrate that the jurisdictional limit has been met is without merit. *See Dugan*, 2016 WL 266350, at *3 (denying a motion to remand, and holding that although the plaintiff "has not pleaded the specifics of her injuries," such "general

allegations" were sufficient to demonstrate that the jurisdictional limit had been met); *Clark*, 2009 WL 1564175, at *4 (denying a motion to remand, and "find[ing] no merit, or logic" to the plaintiff's argument "that Defendant should not be able to rely on the 'legal form language' contained [in the plaintiff's own complaint]"). Thus, DTS has persuaded this Court that the jurisdictional limit has been met at this juncture.

## CONCLUSION

For the aforementioned reasons, the Court denies the motion to remand this action to New Jersey state court. The Court will enter an appropriate order.

JOSE L. LINARES
Chief Judge, United States District Court

Dated: December 18th, 2017